<u>NOTE: ALL DOCUMENTS MUST BE FILED AS PDF DOCUMENTS IN TEXT SEARCHABLE FORMAT. ALL EXHIBITS MUST BE SPECIFICALLY IDENTIFIED. FAILURE TO COMPLY WITH THESE REQUIREMENTS WILL RESULT IN THE CLERK'S OFFICE MARKING THE DOCUMENT(S) AS A FILING ERROR AND YOU WILL BE REQUIRED TO RE-FILE IN COMPLIANCE WITH THIS ORDER.</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL SMITH, | ) | CASE NO 1:21-CV-00160 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| vs. | ) | CMC SCHEDULING ORDER |
| | ) | |
| CUYAHOGA COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

<u>DATE OF HEARING: May 13, 2021 at 10:00 AM</u>
<u>LEAD COUNSEL, PARTIES, AND ANYONE WITH SETTLEMENT AUTHORITY MUST BE PRESENT</u>

I. CASE MANAGEMENT CONFERENCE

All counsel and parties will take notice that the above-entitled action has been set for a Case Management Conference ("CMC") on May 13, 2021 at 10:00 AM to be held by video conferencing. Conference information to be provided to counsel by email.

This Court requires the attendance of (1) all parties, (2) lead counsel, and (3) a representative with full authority for settlement purposes. "Parties" means either the named

-1-

individuals or, in the case of a corporation or similar legal entity, that person who is most familiar with the actual facts of the case. "Party" does not mean in-house counsel or someone who merely has settlement authority. "Final authority" means the actual ability to settle, without further consultation, for an amount up to plaintiff's prayer for relief. If plaintiff has not specified a prayer for relief, or plaintiff has specified equitable relief, "final authority" means the final decision-maker with unlimited authority to settle without further consultation. In the event a representative with final authority is unable to attend in-person, counsel must file a motion, showing good cause, more than 48 hours before the scheduled conference. The agenda for the CMC is set forth in Rule 16.3(b)(2) of the Local Rules of the United States District Court for the Northern District of Ohio.

II. APPLICABLE RULES

This case is subject to both the Local Rules of the United States District Court for the Northern District of Ohio and the Federal Rules of Civil Procedure. All counsel are therefore expected to familiarize themselves with the Local and Federal Rules.

III. TRACK ASSIGNMENT

This case is subject to the provisions of Differentiated Case Management (DCM) as set forth in the Local Rules effective on January 1, 1992, as renumbered April 7, 1997. The Court shall evaluate this case in accordance with LR 16.2(a)(1) and assign it to one of the case management tracks described in LR 16.2(a)(2). Each of the tracks (expedited, standard, complex, mass tort and administrative) has its own set of guidelines and timelines governing discovery, motions, and trial.

Pursuant to LR 16.3(a), and subject to further discussion at the CMC, the Court recommends the following track:

    ___ Expedited         _X_ Standard ___ Administrative

    ___ Complex           ___ Mass Tort       ___ Reserved for CMC

## IV. ELECTRONIC FILING

Effective January 1, 2006, all attorneys are required to file electronically pursuant to modifications to both the local civil and criminal rules. The Court's electronic filing policy/procedure is available on the Court's web site (www.ohnd.uscourts.gov) along with registration forms, training materials and tutorials.

## V. DISCOVERY

### A. Applicable Rules

Discovery shall be guided by Local Rule 26.1, as well as all applicable Federal Rules of Civil Procedure. The parties shall, however, start discovery before their Fed. R. Civ. P. 26(f) discovery conference.

### B. Mandatory Disclosures

Rule 26(a) of the Federal Rules of Civil Procedure mandates a series of required disclosures by counsel in lieu of discovery requests. Only certain categories of proceedings, outlined in Rule 26(e)(1), are exempt from these initial disclosures. If a party wishes to object to the requirement of initial disclosures, it must do so as part of the planning meeting report described below in Section V. E.

### C. Filing of Discovery Materials

Unless otherwise ordered by the Court, initial disclosures, discovery depositions, interrogatories, requests for documents, requests for admissions, and answers and responses thereto shall <u>not</u> be filed with the Clerk's Office, except that discovery materials may be filed as evidence in support of a motion or a response. Any deposition transcripts shall be filed as an excerpt of the original deposition taken. Deposition excerpts needed to support or oppose a dispositive motion (i.e., summary judgment, motion to dismiss) should be filed with a memorandum in support and attached as exhibits.

### D. Depositions

The Judges of the Northern District of Ohio have adopted LR 30.1 which governs the taking of depositions. A copy of the newly adopted rule is attached as Attachment 2. Counsel are expected to comply with the rule in its entirety.

### E. Planning Meeting

Counsel for the plaintiff shall arrange with opposing counsel for the meeting of the parties as required by Fed. R. Civ. P. 26(f) and LR 16.3(b)(3). A report of this planning meeting shall be jointly signed and submitted electronically not less than 3 days before the CMC. The report shall be in a form substantially similar to Attachment 1.

As part of the planning meeting, counsel must determine whether there will be discovery of electronically stored information (ESI) [E-discovery]. If counsel anticipate any E-discovery, they must decide on a method for conducting such discovery or they must agree to abide by the default standard set forth in Appendix K to the Local Civil Rules.

## VI. MOTIONS

### A. Applicable Rules

Motion practice shall be guided by LR 7.1 as well as all applicable Federal Rules of Civil Procedure.

### B. Motions to Dismiss

This Court requires defendants to file an answer to the complaint regardless of whether they have filed or plan to file a motion to dismiss. The filing of a motion to dismiss shall not delay the time in which the party must answer the complaint.

## VII. ATTORNEY'S FEES ITEMIZATION

In all cases in which it is anticipated that a party or parties will seek attorney fees pursuant to statutory or case-law authority, such party shall file with the Court at or prior to the CMC a preliminary estimate and/or budget of the amount of fees and expenses anticipated to be the subject of any such claim. Such estimate shall include, but not be limited, to the following:

| ATTORNEY'S FEES | | COSTS | |
|---|---|---|---|
| Preliminary Investigation and Filing Complaint | $ _____ | Depositions | $ _____ |
| Procedural Motions Practice | $ _____ | Experts | $ _____ |
| Discovery | $ _____ | Witness Fees | $ _____ |
| Dispositive Motions Practice | $ _____ | Other | $ _____ |
| Settlement Negotiations | $ _____ | | |
| Trial | $ _____ | | |
| TOTAL FEES | $ _____ | TOTAL COSTS | $ _____ |

## VIII. CONSENT TO JURISDICTION OF MAGISTRATE JUDGE

A Magistrate Judge has been assigned to assist in this case.  The parties are encouraged to discuss and consider consenting to the jurisdiction of the Magistrate Judge.

IX.  RESOLUTION PRIOR TO CMC

In the event that this case is resolved prior to the CMC, counsel should submit a jointly signed stipulation of settlement or dismissal, or otherwise notify the Court that the same is forthcoming.  Counsel can contact my Courtroom Deputy Clerk, Mrs. Kayla Sartschev at (216) 357-7217.

IT IS SO ORDERED.

Dated:  March 24, 2021                                         s/ James S. Gwin
                                                                              JAMES S. GWIN
                                                                              UNITED STATES DISTRICT JUDGE