IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

FILED

NOV 0 4 2021

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| **PAUL SMITH** | ) CASE NO.: 1:21cv160 |
| Plaintiff, | ) |
| vs. | ) JUDGE: JAMES S. GWIN |
| **CUYAHOGA COUNTY, OHIO.** | ) |
| Defendant. | ) |

## PLAINTIFF'S OBJECTION
## TO THE MOTION FOR SUMMARY JUDGMENT

**To the Honorable United States District Court:**

RESPONSE TO STATEMENT OF ISSUSES
AND FACTS

1. Dr. David A. Garcia's independent medical examination determined that my work related injury (Occupational Asthma) was caused by the dust (Silica) from operating with A dry saw and that I could not perform the essential duties of this exact position (Catch basin rehab) due to the breathing irritants. Dr. David A. Garcia never stated that with an accommodation that I could not perform the essential duties as a leadman in the CCTV, JET VAC, I & I and HOUSE LATERAL departments/assignments. The responsibilities of the leadman position in the job

description does not state cutting with a dry saw that exposes you to "respirable crystalline silica dust" is an essential duty as a leadman, this was documented in the citation from PERRP and Dr. David Garcia's medical examination. All Medco 14 forms from 2018 to present day have been modified during monthly visits, clearly stating no physical restrictions and exactly what breathing irritants will cause reinjury. No Medco 14 for occupational asthma prevented me from returning to work and never stated I couldn't perform the essential duties as a leadman with a reasonable accommodation.

2. The county place my ADA accommodation on hold until I was medically cleared to return to full duty with no restrictions. Dr. Ziad and Dr. Haynesworth medically cleared me back to work with a reasonable accommodation. The county never notified the EEOC on how my occupational asthma reasonable accommodation caused an undue hardship or a direct threat. According to the EEOC law the county violated my ADA rights by requesting me to return to work full duty (no restrictions).

**100% Healed Policies**

The EEOC has said:
*An employer will violate the ADA if it requires an employee with a disability to have no medical restrictions -- that is, be "100%" healed or recovered -- if the employee can perform her/his job with or without reasonable accommodation unless the employer can show providing the needed accommodations would cause an undue hardship.[7] Similarly, an employer will violate the ADA if it claims an employee with medical restrictions poses a safety risk but it cannot show that the individual is a "direct threat." Direct threat is the ADA standard for determining whether an employee's disability poses a "significant risk of substantial harm" to self or to others. If an employee's disability poses a direct threat, an employer must consider whether reasonable accommodation will eliminate or diminish the direct threat.*

The county provided a reasonable accommodation for my occupational asthma by reassigning me out of the catch basin rehab assignment and keeping me safe from no exposer to chemicals (silica) fumes (from cut off saw) and concrete dust (silica) from 11/13/2018 to 12/10/2018 by assigning me to the Jet Vac department. The county removed me from the Jet Vac department stating that a leadman can't perform the essential duties of an equipment operator which is someone with a lesser title. The county had the choice to reassign me back to the CCTV department to perform the essential duties as a leadman but chose to have David Anielski who was an equipment operator to perform the essential duties as a leadman.

The county clearly demonstrated that they could accommodate and that being assigned to catch basin rehab was not an essential duty of the leadman position, no assignment is permanent as reflective in ARTICLE 22 TEMPORARY TRANSFERS IN THE TEAMSTERS LOCAL 436 COLLECTIVE BARGAINING AGRREMENT. The count can't produce any signed document that I declined alternative work program or an ADA accommodation. The county only offered reassignment during mediation in July 2021 for a position that was not equivalent in terms of pay or status. The county has to prove undue hardship before they enforce reassignment as an accommodation per EEOC.

**Reassignment as an Accommodation**

Reassignment to another position is a form of accommodation and is typically reserved for when an employee is unable to perform the essential functions of a position, even with accommodations. Reassignment involves moving the employee to a vacant position that they are qualified for. Firstly, it's important to keep in mind, the EEOC has said: *Before considering reassignment as a reasonable*

> *accommodation, employers should first consider those accommodations that would enable an employee to remain in their current position. Reassignment is the reasonable accommodation of last resort and is required only after it has been determined that:*

- *There are no effective accommodations that will enable the employee to perform the essential functions of his/her current position*
- *All other reasonable accommodations would impose an undue hardship*

> To be considered qualified, the employee would need to possess the skills, experience, education, and other requirements of the position. And they would have to be able to perform the essential functions of the job (even if they perform them with a reasonable accommodation. However, they are not expected to compete for the position.
>
> According to the EEOC:
> *Reassignment means that the employee gets the vacant position if they are qualified for it. The employee does not need to be the best qualified individual for the position in order to obtain it as a reassignment.*
>
> Keep in mind that an employer does not have to help an employee become qualified. However, the EEOC has stated:
> *The employer would have to provide an employee with a disability who is being reassigned with any training that is normally provided to anyone hired for or transferred to the position.*
>
> The position has to be vacant or be vacant within a reasonable amount of time. There is no set amount of time that is considered reasonable, but is typically determined on a case-by-case basis. Keep in mind that an employer does not have to create a position, remove an employee from a position in order to create a vacancy, give an employee a promotion, or ignore an established seniority program.
>
> When it comes to reassignment, the expectation is that the new position will be equivalent in terms of pay, status, benefits, etc. That being said, if there truly is no vacant equivalent position, the employer would be able to look at the next lowest position. In that case, the employer likely wouldn't have an obligation to maintain the same pay, unless they have done so for other employees who have been reassigned to a lower position. In that case, the employer may have to consider doing so for a reassigned employee with a disability as well.
>
> The EEOC has said:
> *The employer must reassign the individual to a vacant position that is equivalent in terms of pay, status, or other relevant factors (e.g., benefits, geographical location) if the employee is qualified for the position. If there is no vacant equivalent position, the employer must reassign the employee to a vacant lower-level position for which*

*the individual is qualified. Assuming there is more than one vacancy for which the employee is qualified, the employer must place the individual in the position that comes closest to the employee's current position in terms of pay, status, etc.*

      i. The employer never provided me with a written consent to sign stating that my FMLA would run concurrently with my workers comp. After I was awarded temporary total on 03/12/19 the employer continued to have me document 40 hrs. a week of FMLA and Medical Leave on the county's MyHR timesheet until I was disability separated 12/5/19.

3. The county never immediately removed Ted Choukalas from his work assignment after receiving his MEDCO 14 on 7/6/18 and put on forced leave (FMLA). Ted Choukalas MEDCO 14 (See DOC 18) work status/ Injured workers capabilities 3A, clearly shows his restrictions where permanent and that his reasonable accommodation request was for him to avoid dirt/dust (silica) exposure from construction. The county accommodated Ted Choukalas by removing him from catch basin rehab assignment and putting him back in the CCTV department. Ted Choukalas on 07/11/18 (see DOC 18) had an office visit for shortness of breath due to exposure to cut concrete/mortar (silica). On 10/31/18 (see DOC 18) Ted had an office visit for workers comp and the county exposed again to cement dust (silica). Ted Choukalas treatment plan was to avoid exposure and not be stationed in an area where a respirator/mask is required to be worn to avoid anxiety from use of respirator. On 10/31/18 Ted Choukalas requested an ADA accommodation stating that he can't work in an environment that a respirator is required, the county

scheduled Ted to take a fit for duty (FFD) on 11/29/18. Bruce Hensley D.O documented that Ted Choukalas was working around concrete dust (silica) that caused a cough, shortness of breath, significant mucus and wearing a respirator causes panic and claustrophobia. Bruce Hensley D.O stated he went over the leadman job description and concerns of his work ability. Bruce Hensley D.O determined that Ted Choukalas was fit for duty and could perform the essential duties of a leadman. In conclusion the county stated I failed my fit for duty because I could not perform the essential duties as a leadman because I couldn't be in catch basin rehab using a dry saw and being exposed to silica dust which the county was cited for, But Ted Choukalas who can't be in catch basin rehab or other construction areas for same breathing irritants passed his fit for duty and can perform the essential duties as a leadman? The county is being very selective on what the leadman essential duties are and how they are enforced. If race was not a factor, then how can two leadman be assigned to the same department and Ted Choukalas who is Caucasian and me Paul Smith is African American be treated completely different with the same restrictions? I believe the county violated Title VII per EEOC based on the facts that Ted Choukalas after giving the county multiple documents stating for him to "avoid exposer" compared to my documents stating "no exposer" was never sent home. I was forced onto leave instead of being provided an effective reasonable accommodation. The EEOC has said, the Americans with Disabilities Act requires that employers provide reasonable accommodation "that enable a qualified individual with a disability to perform the essential functions of [a]

position." Forced leave doesn't allow an employee to do that, and it doesn't allow an employee to have the same employment opportunities as other employees in a similar role, as it removes the ability to work altogether. I have several coworkers that want to be subpoena to testify for how the county have practiced racial discrimination.

Plaintiff request that the motion for summary judgement be denied and Plaintiff request a jury trial to hear the facts and evidence.

Respectfully,

Paul H. Smith

*Paul P.*